O'NEILL BROADCASTING COMPANY, Petitioner,

v.

UNITED STATES of America and Federal Communications Commission, Respondents,

California Inland Broadcasting Company, Intervenor.

O'NEILL BROADCASTING COMPANY, Appellant,

v.

FEDERAL COMMUNICATIONS COMMISSION, Appellee,

California Inland Broadcasting Company, Intervenor.

Nos. 13113, 13163, 13164.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 7, 1956.

Decided Dec. 13, 1956.

Mr. Samuel Miller, Washington, D. C. for O'Neill Broadcasting Co.

Mr. Daniel R. Ohlbaum, Counsel, Federal Communications Commission, with whom Mr. Warren E. Baker, General Counsel, Federal Communications Commission, Mr. Richard A. Solomon, Asst. Gen. Counsel, Federal Communications Commission, and Mr. Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for the United States and Federal Communications Commission.

Mr. Harold D. Cohen, Washington, D. C., with whom Mr. W. Theodore Pierson, Washington, D. C., was on the brief, for intervenor, Calif. Inland Broadcasting Co. Mr. Nad A. Peterson, Washington, D. C., also entered an appearance for intervenor.

Before EDGERTON, Chief Judge, and PRETTYMAN and DANAHER, Circuit Judges.

PRETTYMAN, Circuit Judge.

These are petitions for review of and an appeal from orders of the Federal Communications Commission. At prehearing conference in this court the parties stipulated to a statement of six issues as being the issues in the cases. After that time this court decided the group of cases known as the Coastal Bend cases [1] and in that decision ruled upon all the questions raised in the present cases except the question relating to the vote of the Commission members. O'Neill Broadcasting Company, petitioner-appellant here, does not now reargue the questions determined in Coastal Bend, and the court adheres to the position it there took.

In No. 13113 O'Neill seeks review of the Commission's order denying its request for deintermixture. The case raises only points covered by Coastal Bend. The order is affirmed.

In No. 13163 petitioner seeks review under Section 402(a) of the Communications Act.[2] It should have

1. Coastal Bend Television Co. v. Federal Commun. Comm., 98 U.S.App.D.C. 251, 234 F.2d 686 (1956).

2. 48 Stat. 926 (1934), as amended, 47 U.S. C.A. § 402(a).

proceeded under Section 402(b),[3] since the review sought is of a licensing action. The petition will therefore be dismissed.

■ In No. 13164, properly brought under Section 402(b) of the statute, O'Neill appeals from some actions covered by Coastal Bend and also raises one more point. It says the grant of the application was void by reason of the failure of a majority of the Commissioners present to agree to it. Appellant says all seven Commissioners were present. Three Commissioners voted to grant to intervenor, two voted against any grant, one voted for grant to another applicant, and one, although favoring the other applicant, voted with the three to grant intervenor's application, in order to avoid a voting impasse. He considered the need of the people in the area for service an overriding public consideration. O'Neill did not present this point to the Commission. For that reason we cannot consider it here.

Section 405 of the Communications Act [4] provides in part:

"The filing of a petition for rehearing shall not be a condition precedent to judicial review of any such decision, order, or requirement, except where the party seeking such review (1) was not a party to the proceedings resulting in such decision, order, or requirement, or (2) relies on questions of fact or law upon which the Commission has been afforded no opportunity to pass."

O'Neill Broadcasting Company was not a party to the proceeding [5] and did not raise the point before the Commission so as to afford that body an opportunity to pass upon the question. The appeal must therefore be dismissed because the filing of a petition for rehear-

ing was a condition precedent to judicial review.

No. 13113 affirmed; Nos. 13163 and 13164 dismissed.

---

3. 48 Stat. 926 (1934), as amended, 47 U.S. C.A. § 402(b).

4. 48 Stat. 1095 (1934), as amended, 47 U.S.C.A. § 405.

5. Not being entitled as of right (Sec. 2 (b) of the Administrative Procedure Act, 60 Stat. 237 (1946), as amended, 5 U.S. C.A. § 1001(b)) to be admitted as a party under the ruling in Coastal Bend.